IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH CLARK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-2868 |
| DEPUTY LEWIS, *Washington County Sheriff*, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Joseph Clark, who is presently detained at the Washington County Detention Center in Hagerstown, Maryland, filed this 42 U.S.C. § 1983 complaint[1] against Deputy Lewis of the Washington County Sheriff's Office.  ECF No. 1.  Mr. Clark claims that his constitutional rights were violated when the presiding judge in his preliminary hearing for a state criminal case refused to let him cross-examine his accuser.  *Id.* at 4.  Mr. Clark also alleges that Deputy Lewis grabbed him while handcuffed, threw him against the wall, and choked him.  *Id.*  As relief, Mr. Clark asks this court to dismiss his state criminal charges and to have Deputy Lewis prosecuted for assault.  *Id.* at 3.  For the reasons that follow, Plaintiff will be afforded an opportunity to file an amended complaint, barring which the complaint will be dismissed.

To state a claim on which relief may be granted, a complaint must contain sufficient facts, to support a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[1] Mr. Clark filed a motion for leave to proceed *in forma pauperis* with his complaint which will be decided if and when Mr. Clark files an amended complaint.

First, Mr. Clark complains about the presiding judge in his state criminal case for decisions made in her capacity as a judge, but he does not name the judge as a defendant and is not seeking any relief against the judge. Such a claim would run afoul of the doctrine of judicial immunity. Furthermore, in seeking dismissal of the charges against him, and, presumably release, his request is akin to a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241:

> A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. *See Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987). A state pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. *See* 28 U.S.C. § 2241(c)(3); *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004).

*Sanford v. United States*, No. 1:23-CV-00242-MR, 2023 WL 6217755, at *3 (W.D.N.C. Sept. 25, 2023) (footnote omitted). There is no indication that Mr. Clark has exhausted available state remedies in this regard. The abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), prohibits a federal court from interfering with state criminal proceedings except in very narrow circumstances, not present here. Relief in the form of dismissal of charges is, accordingly, not available.

Second, Mr. Clark asks this court to have Deputy Lewis prosecuted for assault. Mr. Clark, however, has no authority to make such a demand, as private citizens have no constitutional right to insist on criminal prosecution of another. *See Sattler v. Johnson*, 857 F.2d 224 (4th Cir. 1988). He may, however, bring a civil action pursuant to 42 U.S.C. § 1983 seeking damages for the alleged use of excessive force. The Clerk will be directed to send him the necessary forms should he choose to do so, which will be filed as an amended complaint.

As a reminder, an amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect."

2

*Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint must include all of the allegations so that the amended complaint may stand alone as the sole complaint in this action which defendant(s) must answer.

      A separate order will follow.

November 17, 2023

                                                           /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge